*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

SUPERIOR COURT OF GUAM

2012 JUL 19 PM 4: 15

| | |
|---|---|
| PEOPLE OF GUAM, | ) |
| vs. | ) CRIMINAL CASE NO. CF00069-12 |
| LAWRENCE EDWARD SABLAN, | ) DECISION AND ORDER |
| Defendant. | ) |

This matter came before the Court on June 18, 2012 for a hearing on Defendant's *Motion for Jackson v. Denno Evidentiary Hearing re: Voluntariness of Statement*, filed June 4, 2012 (hereinafter "*Motion*"). Present in court were the Defendant with his counsel, Assistant Public Defender Mikaela Silkey, Esq., and Assistant Attorney General Christina Lum, Esq. appeared for the People of Guam.

## BACKGROUND

Defendant is charged by indictment with aggravated assault with a deadly weapon as a third degree felony and with assault as a misdemeanor in relation to an alleged riot in Agat. On June 4, 2012, he filed the present motion for an evidentiary hearing "to determine the factual context surrounding statements made by Mr. Sablan," because, "the testimony...will likely be the basis for a subsequent motion to suppress." *Defendant's Reply Memorandum in Support of Motion for Evidentiary Hearing*, p.2, lns.14-15, filed June 11, 2012 (hereinafter "*Reply*"). The Government filed their written *People's Opposition to Defense Motion for Jackson v. Denno Evidentiary Hearing* on May 24, 2012 (hereinafter "*Opposition*"), and in response Defendant filed his written *Reply* to said *Opposition*, as referenced above.

## DISCUSSION

Defendant bases his motion on the U.S. Supreme Court case, *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774 (1964), and 8 GCA §§ 61.15 & 65.45, which require motions to suppress to be filed before trial. Pursuant to *Jackson v. Denno*, a criminal defendant has the due



ORIGINAL

process right to object to the use of a confession in evidence and to have its voluntariness and admissibility determined by a judge at some stage of the criminal proceedings. 378 U.S. at 376-77. In *Jackson v. Denno*, the Court addressed how to remedy the denial of a fair hearing at state trail and stated:

> This is not a case where the facts concerning the circumstances surrounding the confession are undisputed and the task is only to judge the voluntariness of the confession based upon the clearly established facts and in accordance with proper constitutional standards. Here there are substantial facts in dispute … As we have already said, Jackson is entitled to a reliable resolution of these evidentiary conflicts. … At the very least, Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, would require a full evidentiary hearing to determine the factual context in which Jackson's confession was given.

*Id.* at 392.

In *Townsend* the U.S. Supreme Court held: "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." 372 U.S. 293, 312, 83 S.Ct. 745 (1963).

Here, Defendant relies upon *Jackson v. Denno* as authority to summarily move for an "evidentiary hearing to determine the context" of his alleged confession. *Reply*, p.5, lns.8-9. However, for an evidentiary hearing to be required,

> [t]he question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required.

*Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.1967).

Here, the Defendant does not object to the voluntariness of his confession and he does not raise any issue of relevant fact regarding its suppression. He only asserts as a matter of law that *Jackson v. Denno* requires a full evidentiary hearing to determine the factual context of any confession regardless of any allegation of involuntariness. This is an incorrect overstatement of the U.S. Supreme Court's holding in *Jackson v. Denno*, first, because there is a clear jurisprudence to predicate evidentiary hearings upon factual claims and, secondly, the *Jackson v. Denno* decision itself addressed a habeas remedy after factual claims were presented.

ORIGINAL

Furthermore, Defendant offers no authority for this rather unique interpretation of *Jackson v. Denno*.

Federal courts addressing this issue have unequivocally held otherwise: "A pretrial hearing has been denied as premature where the evidence sought to be suppressed was not specifically identified..." *Cohen*, 378 F.2d, at 761 n.20 (citation omitted). "The burden is upon the defendant to establish [grounds for suppression]. That burden requires allegations of evidentiary facts upon personal knowledge, or at least disclosure of the sources of the deponent's information and the grounds for his belief, to support a demand for a hearing. *United States v. Pardo-Bolland*, 229 F.Supp. 473, 475 (S.D.N.Y.1964); *see U.S. v. Frankfeld*, 100 F.Supp. 934, 936 (D.Md.1951). "When an order to suppress is sought ..., a motion unsupported by an affidavit setting forth the facts upon which the contention is based is insufficient and should be denied. *United States v. Vomero*, 6 F.R.D. 275, 276 (E.D.N.Y.1946).

Essentially it is held that "[e]videntiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved." *United States v. Carrion*, 463 F.2d 704, 706 (9th Cir. 1972) (citation omitted). "Moreover, factual allegations which are general and conclusory or based upon suspicion and conjecture will not suffice ...." *Cohen*, 378 F.2d at 760.

However, Defendant here fails to allege at all that his statement was involuntary, much less does he set forth any facts in his moving papers to support such an allegation. For this reason, the Court hereby **DENIES** the motion to suppress without prejudice, such that Defendant is free to refile his motion at a later time with sufficient factual allegations.

**SO ORDERED this 19TH day of July, 2012, nunc pro tunc to June 18, 2012.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL

Is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam.

JUL 19 2012

Ryan T. Balajadia
Deputy Clerk, Superior Court of Guam